FILED

2005 Feb-07  PM 03:27
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## EASTERN DIVISION

BENJAMIN F. TIDWELL, JR.,  ]

    **Plaintiff,**  ]

v.  ]

    ]      **CV-04-BE-2198-E**

COLDWATER COVERS, INC.,  ]

    **Defendant.**  ]

    ]

### MEMORANDUM OPINION

Before the court is Plaintiff Benjamin Tidwell, Jr.'s Motion to Remand (Doc. 2).  Having

reviewed the motion and the parties' submissions and having reviewed its jurisdiction

independently, for the reasons stated below, the court grants the motion in part and orders this

case remanded to the Circuit Court of Calhoun County, Alabama.  The court denies the portion

of Tidwell's motion requesting that the court order Coldwater Covers to pay Tidwell's costs of

opposing the removal.

## I. Background

Tidwell filed his complaint against Coldwater Covers, his former employer, in the Circuit

Court of Calhoun County, Alabama, alleging fraud, breach of fiduciary duty, and intentional

misrepresentation.  Tidwell's complaint alleged that Coldwater Covers promised to invest $3.75

per hour of his pay in Coldwater Covers's common stock, but did not invest the money as

promised.  On its face, the complaint does not seek compensation under a written employee stock

ownership or stock option plan.

Coldwater Covers removed the case to this court on the alternative bases of diversity

jurisdiction and federal question jurisdiction under ERISA.  Tidwell then filed a motion arguing

that the case should be remanded because, under the well-pleaded complaint rule, his complaint

did not state a federal cause of action because the plan at issue was a payroll savings plan, not an

ERISA plan, and because Coldwater Covers did not establish that the court had diversity

jurisdiction over the case. In his motion to remand, Tidwell also requested that the court order

Coldwater Covers to pay his costs of opposing the removal.

After receiving Tidwell's motion to remand, the court ordered Coldwater Covers to

"show cause why the case should not be remanded because [Tidwell's] complaint involves a

payroll savings plan, not an ERISA plan." *Doc.* 4.  In response, Coldwater Covers submitted its

opposition to the motion to remand, along with its supporting evidence.[1]  Coldwater Covers's

response to the show cause Order addressed the requirements of the Order and all of Tidwell's

other arguments for remand as well.

## II.  Discussion

A district court must remand a removed action if it has no jurisdiction over the subject

matter of the case.  As the party seeking to preserve this court's jurisdiction, Coldwater Covers

bears the burden of showing the case meets all the requirements for removal.  *See Leonard v.*

*Enterprise Rent-A-Car*, 279 F.3d 967, 972 (11th Cir. 2002).  Because removal statutes are strictly

construed against removal, *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108 (1941), in

general, doubts about jurisdiction must be resolved in favor of remand.  *See Univ. of S. Ala. v.*

---

[1] Coldwater Covers's statements of fact in its Opposition to Motion to Remand, Doc. 3., are not supported by record cites.  The court has considered Coldwater Covers's evidentiary submissions, but disregards statements of fact that fail to cite to the record.

*Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999) ("A presumption in favor of remand is

necessary because if a federal court reaches the merits of ... a removed case where subject matter

jurisdiction may be lacking it deprives a state court of its right under the Constitution to resolve

controversies in its own courts."); *see also Edwards v. Prudential Ins. Co. of Am.*, 213 F. Supp.

2d 1376, 1380 n.6 (S.D. Fla. 2002) (discussing the relationship between resolving doubts in favor

of remand, federalism concerns, and Congress's ability to completely preempt state law through

ERISA).

## A.  Diversity Jurisdiction

Coldwater Covers argues that this court may exercise jurisdiction over the case on the

basis of diversity jurisdiction.  Though Coldwater Covers has shown the parties are completely

diverse (*see Complaint* p.1; *Notice of Removal*, *Doc.* 1, p.6; attachment to *Notice of Removal*,

*Doc.* 1, *Declaration of William David Withers*, paragraphs 3, 4), Coldwater Covers has not met

its burden to show that the amount in controversy satisfies the requirements of 28 U.S.C. § 1332.

When, as here, the plaintiff's complaint does not specify the total amount of damages demanded,

"a defendant seeking removal based on diversity jurisdiction must prove by a preponderance of

the evidence that the amount in controversy exceeds the $75,000 jurisdictional requirement."

*Leonard v. Enterprise Rent-A-Car*, 279 F.3d 967, 972 (11th Cir. 2002).

In its notice of removal, Coldwater Covers merely stated that the jurisdictional amount is

satisfied because "Alabama courts regularly award damages in excess of $75,000 in cases

alleging fraud and misrepresentation."  Such a "conclusory allegation ... that the jurisdictional

amount is satisfied, without setting forth the underlying facts supporting such an assertion, is

insufficient to meet [the remover's] burden."  *Id*; *see Notice of Removal*, *Doc.* 1, p.6.

Also insufficient to establish the jurisdictional amount are Coldwater Covers's citations

of Alabama fraud cases involving a whole life insurance policy not related to employment (*ALFA*

*Life Ins. Corp. v. Green*, 881 So.2d 987 (Ala. 2003)); a dispute regarding car repairs and tires

sold to consumers (*Goodyear Tire & Rubber Co. v. Washington*, 719 So.2d 774 (Ala. 1998)); a

business dispute (*Ex parte Third Generation, Inc.*, 855 So.2d 489 (Ala.. 2003); and a suit against

a mobile home manufacturer in which the fraud claim was dismissed (*Southern Energy Homes,*

*Inc. v. Washington*, 774 So.2d 505 (Ala. 2000)).  *See Notice of Removal*, *Doc.* 1, pgs.6-7.  Even if

Coldwater Covers could not find cases more closely related to the action before this court,

Coldwater Covers should have, but did not, explain to this court why the damages recovered in

the cited cases are indicative of the amount in controversy in this case.

Tidwell admits that certain of his demanded damages total $44,995.  Coldwater Covers

offers only conclusory allegations, unsupported assumptions, and unexplained case citations

regarding the amount of the remaining damages claims.  *See Doc*. 5, 16-18.  Because Coldwater

Covers has not met its burden to show that the amount in controversy satisfies the jurisdictional

requirement, the court cannot exercise jurisdiction under 28 U.S.C. § 1332.

**B.  Federal Question Jurisdiction**

Tidwell argues that, under the well-pleaded complaint rule, this court cannot exercise

jurisdiction over the action.  However, as Coldwater Covers correctly points out, the well-

pleaded complaint rule does not apply when Congress has completely preempted an area of law,

and federal law provides the exclusive remedy for recovering benefits under an ERISA plan.  *See*

*Opposition to Motion to Remand*, *Doc.* 5, pgs. 5-6.

The court has a duty to review its jurisdiction, and the burden is on Coldwater Covers to

show jurisdiction exists.  Therefore, even though Tidwell is wrong about the application of the

well-pleaded complaint rule, the court must independently consider whether Coldwater Covers is

correct about the operation of the ERISA complete preemption doctrine in this case.

The Eleventh Circuit has developed two different complete preemption tests.  Under the

panel decisions of *Hall v. Blue Cross/Blue Shield of Ala.*, 134 F.3d 1063, 1065 (11th Cir. 1998),

and *Franklin v. QHC* of *Gadsden*, 127 F.3d 1024, 1028 (11th Cir. 1997), a state law claim is

completely preempted when it is defensively preempted, i.e., when it "relates to" an ERISA plan.

Under the *Franklin/Hall* standard, an employer can claim the benefits of complete preemption

when, as here, the plaintiff is not seeking benefits under an ERISA plan, but the employer's

defense relates to an ERISA plan.  Under this standard, federal jurisdiction exists and the motion

to remand should be denied.

However, under the standard set forth in another set of panel decisions, *Ervast v. Flexible*

*Products Co.*, 346 F.3d 1007, 1011-14 (11th Cir. 2003), and *Butero v. Royal Maccabees Life*

*Insurance Co.*, 174 F.3d 1207, 1211-12 (11th Cir. 1999), the Eleventh Circuit distinguished the

"relates to" test for defensive preemption from the ERISA complete preemption test.  Under

*Butero*,

> [h]ere's the rule: *ERISA superpreemption exists only when the*
> *plaintiff is seeking relief that is available under 29 U.S.C. §*
> *1132(a)....* [R]elief is available, and there is complete preemption,
> when four elements are satisfied. First, there must be a relevant
> ERISA plan.  Second, the plaintiff must have standing to sue under
> that plan.  Third, the defendant must be an ERISA entity.   Finally,
> the complaint must seek compensatory relief akin to that available
> under § 1132(a); often this will be a claim for benefits due under a
> plan.

174 F.3d at 1212 (citations omitted) (emphasis added).  Thus, the employer cannot create federal

jurisdiction by tying its defense to an ERISA plan even when the plaintiff is not seeking benefits under the plan.

To do justice and follow the law, the court will follow the *Butero*/*Evast* standard. *See generally Jones v. LMR Int'l*, No. 2-04-538, 2005 WL 56869, at *2-*3 (M.D. Ala. Jan. 4, 2005); *Wilson v. Coman*, 284 F. Supp. 2d 1319, 1329-42 (M.D. Ala. 2003). The court recognizes that, as panel decisions, *Butero* and *Ervast* cannot overrule prior Eleventh Circuit decisions. However, the court is convinced that *Butero* and *Ervast* are correct. The Supreme Court has held that "ERISA [defensive] pre-emption, without more, does not convert a state claim into an action arising under federal law." *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 64 (1987) (citing *Franchise Tax Bd. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 25-27 (1983)); *see also Aetna Health Inc. v. Davila,* 124 S. Ct. 2488*,* 2495-98 (2004) (looking to 29 U.S.C. § 1132 to determine whether ERISA-related actions were completely preempted); *Franchise Tax Bd.*, 463 U.S. at 25 (noting that "Congress did not intend to preempt entirely every state cause of action relating to [ERISA] plans" and looking to 29 U.S.C. § 1132 to determine the jurisdictional issue in a case with claims clearly related to an ERISA plan).

Further, the *Butero/Ervast* standard proceeds from a pre-*Franklin/Hall* case, *Kemp v. International Business Machines Corp.*, 109 F.3d 708 (11th Cir. 1997). In *Kemp*, the Eleventh Circuit expressly distinguished between the 29 U.S.C. § 1132 complete preemption test and the "relates to" test for defensive preemption. *See Jones*, 2005 WL 56869, at *2-*3. In other words, *Franklin* and *Hall*, themselves panel decisions, deviated from Eleventh Circuit precedent, and the *Butero/Ervast* standard merely returned to that precedent.

All other Courts of Appeals, except the Court of Appeals for the D.C. Circuit, hold that

claims are completely preempted under ERISA when the plaintiff is seeking relief that is available under 29 U.S.C. § 1132(a). *See Danca v. Private Health Care Sys., Inc.*, 185 F.3d 1, 5 (1st Cir. 1999) ("To establish complete preemption, defendants must show that the state cause of action falls within the scope of ERISA § 502(a) [29 U.S.C. § 1132(a)(2)]"); *Cicio v. Does*, 321 F.3d 83, 92-93 (2d Cir. 2003) (holding that complete preemption requires both defensive preemption *and* satisfaction of 29 U.S.C. § 1132), *vacated by Vytra Healthcare v. Cicio*, 124 S.Ct. 2902 (remanding case for further consideration in light of *Aetna Health Inc.*, 124 S. Ct. 2488); *DiFelice v. Aetna U.S. Healthcare*, 346 F.3d 442, 446 (3rd Cir. 2003); *Singh v. Prudential Health Care Plan, Inc.*, 335 F.3d 278, 282-83 (4th Cir. 2003); *Arana v. Ochsner Health Plan*, 338 F.3d 433, 440 (5th Cir. 2003) (holding that complete preemption was determined only under  U.S.C. § 1132, overruling prior decisions to the contrary, and citing *Metro. Life Ins. Co.*, 481 U.S. at 66), *cert. denied*,  540 U.S. 1104 (2004); *Wright v. Gen. Motors Corp.*, 262 F.3d 610, 614-15 (6th Cir. 2001) (noting that "preemption and complete preemption are distinguishable concepts"and that "a state law claim is removable to the federal courts only if it is completely preempted"); *Hart v. Wal-Mart Stores, Inc. Assoc's. Health & Welfare Plan*, 360 F.3d 674, 678-79 (7th Cir. 2004) (noting that "[t]he Supreme Court has determined that all state actions falling within the scope of section 502(a) of ERISA, 29 U.S.C. § 1132(a), are preempted under the complete preemption doctrine"); *Crews v. Gen. Am. Life Ins. Co.*, 274 F.3d 502, 505 (8th Cir. 2001) (holding that complete preemption occurs when a case falls under 29 U.S.C. § 1132 *and* the plaintiff's claims are preempted by 29 U.S.C. § 1144(a) (defensive preemption)); *Abraham v. Norcal Waste Sys., Inc.*, 265 F.3d 811, 819 (9th Cir. 2001) (same); *Felix v. Lucent Tech's., Inc.*, 387 F.3d 1146, 1155-56 (10th Cir. 2004), *petition for cert. filed* Jan 21, 2005. *But see Bd. of Tr's. of Hotel & Rest. Employees Local 25 v. Madison Hotel, Inc.*, 97

F.3d 1479, 1483-84 (D.C. Cir. 1996) (holding that federal jurisdiction exists when a case falls under

29 U.S.C. § 1132 *or* the plaintiff's claims are preempted by 29 U.S.C. § 1144(a) (defensive

preemption)).

Finally, Coldwater Covers itself stated that "the jurisdictional issue... turns on whether the

plaintiff[] [is] seeking relief that is available under 29 U.S.C. § 1132(a)," *see Opposition to Motion*

*to Remand*, *Doc*. 5, p.6 (quoting *Kemp*, 109 F.3d at 712), but nevertheless chose to frame its

jurisdictional arguments under the *Franklin/Hall* "relates to" standard.

Coldwater Covers has failed to establish that Tidwell seeks relief that is available under 29

U.S.C. § 1132(a), and, therefore, it has also failed to establish that complete preemption gives this

court federal question jurisdiction.  When ordered to show that plaintiff was suing under an ERISA

plan, Coldwater Covers proffered an ERISA stock option plan and argued that, because its defense

was tied to benefits supposedly due Tidwell under the ERISA plan, Tidwell's claims "related to" the

plan.

Tidwell is not suing "to recover benefits due to him under the terms of his plan, to enforce

his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the

plan." 29 U.S.C. § 1132(a); *see also Ervast*, 345 F.3d at 1014.  Rather, Tidwell is suing to recover

money due him under an alleged promise to use $3.75/hour of his wages to purchase stock in

Coldwater Covers.  What Coldwater Covers actually did with the money relates to Coldwater

Covers's defense that it did not misrepresent to Tidwell how it would use the money and that Tidwell

authorized it to put the money in the ERISA plan.  If Tidwell were to recover on the basis of the

claims in his complaint, he would not recover under the terms of the plan; rather, he would recover

money taken and applied to an unauthorized purpose–in this case, an ERISA plan.  Thus, Tidwell

is not seeking relief available under ERISA, his claims are not completely preempted, and the court

has no jurisdiction to hear the case.

**C. Costs**

The court will not award Tidwell the costs of opposing the motion to remand because

Tidwell has not provided any legal or factual support for his request for an award of costs.

Moreover, Coldwater Covers's attempt to remove was not improvident and appears to have been

arguably reasonable given the conflict among Eleventh Circuit cases on the issue of complete

preemption. *See Whitlock v. Jackson Nat'l Life Ins. Co.*, 32 F. Supp. 2d 1286, 1293 (M.D. Ala.1998)

(refusing to award costs when "the defendants [appeared to] have acted reasonably on the basis of

the information available at the time of removal"); *Gray v. N.Y. Life Ins. Co.*, 906 F. Supp. 628, 632

(N.D. Ala. 1995) (Acker, J.) (noting "the presumption... in favor of awarding attorneys fees in the

event the removal is found to have been improvident").

A separate order will be entered contemporaneously with this opinion.

DONE and ORDERED this 7th day of February, 2005.


_____
KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE